UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S LONDON,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>COLUMBIA CASUALTY COMPANY and ADMIRAL INSURANCE COMPANY,<br><br>　　　　　　　　　　Defendants. | Case No.: 23-cv-02157-AJB-DDL<br><br>**ORDER GRANTING PLAINTIFF CERTAIN UNDERWRITERS AT LLOYD'S MOTION TO FILE AN AMENDED COMPLAINT**<br><br>**(Doc. No. 25)** |

　　Before the Court is Plaintiff Certain Underwriters at Lloyd's London ("Underwriters") motion for leave to file an amended complaint. (Doc. No. 25.) Defendant Columbia Casualty Company ("Columbia") filed an opposition (Doc. No. 30), to which Underwriters replied (Doc. No. 31). Defendant Admiral Insurance Company ("Admiral") filed a notice of non-opposition. (Doc. No. 27.) Pursuant to Civil Local Rule 7.1.d.1, the Court finds the matter suitable for determination on the papers. For the reasons set forth below, the Court **GRANTS** Underwriters' motion.

## I. BACKGROUND

This action concerns a dispute between three insurers—Underwriters, Columbia, and Admiral—over their obligations to Sharp Healthcare ("Sharp"), whom all three insure.[1] (Doc. No. 1 ¶¶ 17–34.) On November 22, 2023, Underwriters filed the initial complaint seeking equitable contribution from Columbia, indemnification from Columbia, and declaratory relief regarding both Columbia and Admiral. (Doc. No. 1.) On February 26, 2024, Columbia filed a motion to dismiss for failure to state a claim. (Doc. No. 16.) Columbia generally argued that, based on the plain language of the relevant policies, Columbia's policy only provides excess coverage after Underwriter's policy is exhausted and Underwriters do not allege exhaustion. (*Id.*) On July 15, 2024, the Court granted Columbia's motion to dismiss without prejudice and provided Underwriters a deadline to file for leave to amend. (Doc. No. 24.) On July 29, 2024, Underwriters timely filed the instant motion.

## II. LEGAL STANDARD

Pursuant to Rule 15 of the Federal Rules of Civil Procedure,[2] "a party may amend its pleading only with the opposing party's written consent or the court's leave" after the time for amendment as a matter of course has expired. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). "Not all of the factors merit equal weight[; rather,] it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Cap., LLC v. Aspeon, Inc.*, 316

---

[1] From 2017 through 2021, Sharp was sued in eighteen lawsuits by patients who believed Sharp had intentionally recorded them during medical procedures. (Doc. No. 1 ¶¶ 12–13.) Sharp tendered defense of the actions to Underwriters and Columbia, the former of which accepted Sharp's defense and tendered payment both for defense and for funding of settlements. (*Id.* ¶¶ 35–40.)

[2] All references to Rule or Rules are to the Federal Rules of Civil Procedure unless otherwise stated.

F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing" of the remaining factors, there exists a "presumption under Rule 15(a) in favor of granting leave to amend." *Id.* The party opposing the amendment bears the burden of showing why leave should be denied, including the burden of establishing prejudice. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

### III.     DISCUSSION

Underwriters' motion argues leave should be granted because the motion was timely filed, the amendments are requested in good faith, no prior amendment has been requested, the relief requested remains unchanged, and the amendments remedy the defects identified by the Court. (Doc. No. 25-1.) In its opposition, Columbia does not assert any arguments regarding bad faith, undue delay, undue prejudice, or the number of prior amendments. (*See generally* Doc. No. 1.) Rather, Columbia focuses its entire opposition on futility, arguing that the Court has already determined that the relevant policy language is unambiguous and that Columbia's policy only applies in excess of Underwriters. (*Id.*) The Court will analyze each factor in turn.

First, there is no dispute that this is the first time Underwriters seek to amend the complaint. Second, the Court accepts Underwriters' assertions that the instant motion was not brought in bad faith. Third, the motion was filed by the deadline provided by the Court. Fourth, and most importantly, there are no allegations of undue prejudice toward either Defendant. In fact, Admiral chose to file a notice of non-opposition, and Columbia failed to argue prejudice. Having reviewed the proposed amendments, the Court notes that the causes of action and relief sought remain largely the same as the initial complaint. The proposed amendments proffer additional allegations to support theories advanced by Underwriters' advanced in its opposition to Columbia's prior motion to dismiss.

Regarding futility, Columbia seeks the Court to delve into the merits of the proposed amended complaint, in essence holding a motion for leave to amend under Rule 15 up to the standard for a Rule 12(b)(6) motion to dismiss. The Court declines to do so as it contradicts the letter and spirit of Rule 15. *See Netbula, LLC v. Distinct Corp.*, 212 F.R.D.

534, 539 (N.D. Cal. 2003) ("Denial of leave to amend on th[e] ground [of futility] is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed."); *Steward v. CMRE Fin'l Servs., Inc.*, 2015 WL 6123202, at *2 (D. Nev. Oct. 16, 2015) ("Deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that the parties' arguments are better developed through a motion to dismiss or motion for summary judgment."). Rather, the Court notes that Underwriters has alleged additional facts, such as that it has exhausted its own limits (*see* Doc. No. 25-4 ¶ 47), addressing deficits previously identified by the Court. Accordingly, it is not clear that amendment is futile.

As such, the Court finds that Columbia has failed to meet its burden to demonstrate why leave should be denied.

### IV.   CONCLUSION

Based on the reasons stated above, the Court **GRANTS** Underwriters' motion for leave to file an amended complaint. Accordingly, no later than **October 31, 2024**, Underwriters must file the First Amended Complaint (Doc. No. 25-3). Any pleadings responsive to the First Amended Complaint must be filed no later than **November 14, 2024**.

**IT IS SO ORDERED.**

Dated:  October 24, 2024

Hon. Anthony J. Battaglia
United States District Judge